1  George E. Akwo (SBN 164670)
   George@akwolaw.com
2  LAW OFFICES OF GEORGE E. AKWO
   12080 Ventura Place, Suite D
3  Studio City, CA 91604
   Tel: (301) 435-9406
4  Fax: (310) 496-2458

5  Ophir Jacob Bitton (SBN 204310)
   ophir@bittonlaw.com
6  BITTON & ASSOCIATES
   12080 Ventura Place, Suite D
7  Studio City, CA 91604
   Tel: (301) 524-1223
8  Fax:  (818) 524-1224

9  Ryan D. Kashfian (SBN 265293)
   ryan@kashfianlaw.com
10 KASHFIAN & KASHFIAN LLP
   1875 Century Park East, Suite 1340
11 Los Angeles, CA 90067
   Tel: (310) 751-7578
12 Fax: (310) 751-7579

13 Attorneys for Plaintiff and Counterclaim-Defendant
   SOLID 21, INC.
14

15 Jeffery J. Daar (SBN 105536)
   jdaar@daarnewman.com
16 DAAR & NEWMAN, A Professional Law Corp.
   21700 Oxnard Street, Suite 350
17 Woodland Hills, CA 91367
   Tel:  (818) 615-0999
18 Fax: (818) 615-1066

19 Jess M. Collen (Admitted *Pro Hac Vice*)
   jcollen@collenip.com
20 Joshua Paul (Admitted *Pro Hac Vice*)
   jpaul@collenip.com
21 COLLEN IP
   80 South Highland Avenue
22 Ossining, NY 10562
   Tel: (914) 941-5668
23 Fax: (914) 941-6091

24 Attorneys for Defendant and Counterclaimant
   THE SWATCH GROUP (U.S.) INC.
25

26 ///

27 ///

28 ///

STIPULATION STAYING PROCEEDINGS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLID 21, INC., a Nevada corporation headquartered in Los Angeles, California,<br><br>Plaintiff,<br><br>vs.<br><br>THE SWATCH GROUP (U.S.) INC., a Delaware corporation; THE SWATCH GROUP, LTD., a Swiss corporation; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>And Related Counterclaim. | CASE NO: CV 11-00450 CAS (JEMx)<br><br>Hon. Cristina A. Snyder<br>Courtroom 5<br><br>STIPULATION STAYING PROCEEDINGS<br><br>Action Filed: January 14, 2011 |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel of record for Plaintiff and Counterclaimant SOLID 21, INC. ("Plaintiff") and Defendant and Counterclaim-Plaintiff THE SWATCH GROUP (U.S.) INC. ("Swatch Group U.S."), as follows:

**R E C I T A L S**

**WHEREAS**, Plaintiff filed the Complaint in this action on January 14, 2011 against two defendants, Swatch Group U.S. and The Swatch Group LTD ("TSG LTD"); and

**WHEREAS**, Plaintiff has served the Summons and Complaint on Swatch Group U.S., but not on TSG LTD; and

**WHEREAS**, Plaintiff alleges in its Complaint, *inter alia*, that Plaintiff owns a registered trademark for the word mark "RED GOLD" for use on and in connection with watches and jewelry, and that Swatch Group U.S. has infringed that trademark ("Plaintiff's Word Mark Claim"); and

-1-
STIPULATION STAYING PROCEEDINGS

**WHEREAS**, Plaintiff also alleges in its Complaint, *inter alia*, that Plaintiff owns trade dress rights in an amber hue of gold for use on watches and jewelry, and that Swatch Group U.S. has infringed those trade dress rights ("Plaintiff's Trade Dress Claim"); and

**WHEREAS**, on March 17, 2011, Swatch Group U.S. filed its Answer and Counterclaims denying all of the Complaint's material allegations and alleging various counterclaims against Plaintiff; and

**WHEREAS**, Swatch Group U.S. contends that "red gold" is a generic term in the watch and jewelry industries and that Plaintiff's purported word mark "RED GOLD" therefore is invalid and unenforceable, and, alternatively, that Swatch Group U.S.'s use "red gold" is a fair use within the meaning of the Lanham Trademark Act; and

**WHEREAS**, Swatch Group U.S. also contends that Plaintiff may not as a matter of law claim trade dress or other proprietary rights in an amber hue of gold for use with watches and jewelry, and, alternatively, that Swatch Group U.S.'s use of an amber hue of gold is a fair use within the meaning of the Lanham Trademark Act; and

**WHEREAS**, the Scheduling Order issued by the Court in this action (D.E. 29) establishes a fact discovery cut-off date of February 1, 2012; and

**WHEREAS**, to date, Plaintiff has noticed no discovery of Swatch Group U.S.; and

**WHEREAS**, to date, Swatch Group U.S. has served Plaintiff with a set of Interrogatories, a set of Document Requests, and a Notice of Deposition (all dated July 19, 2011);

**WHEREAS**, Plaintiff has filed at least 14 lawsuits in this Judicial District against watch or jewelry companies ***other than*** Swatch Group U.S. (collectively, "Plaintiff's Other Red Gold Litigations"), including, without limitation, a lawsuit against Breitling USA Inc. – *Solid 21, Inc. v. Breitling USA Inc. et al.*, U.S. District

Court, C.D. CA, Case No. 2:11-cv-00457-GAF (the "Breitling Case"); and

**WHEREAS**, the issues in the Breitling Case and in Plaintiff's Other Red Gold Litigations are substantially identical to the issues presented in this litigation; and

**WHEREAS**, specifically, in the Breitling Case and in Plaintiff's Other Red Gold Litigations, Plaintiff alleges *inter alia* that (a) Plaintiff owns a registered trademark for the word mark "RED GOLD" for use on and in connection with watches and jewelry, and that defendant has infringed that trademark; and also that (b) Plaintiff owns trade dress rights in an amber hue of gold for use on watches and jewelry, and that defendant has infringed those trade dress rights; and

**WHEREAS**, on June 20, 2011, the defendants sued in the Breitling Case filed a Rule 12(b)(6) motion to dismiss Plaintiff's Complaint in its entirety; and

**WHEREAS**, by Memorandum Order dated on July 19, 2011 (reported at 2001 U.S. Dist. LEXIS 81004, the "Breitling Dismissal Order"),the Hon. Gary Allen Feess granted defendants' motion to dismiss Plaintiff's Complaint in the Breitling Case – holding *inter alia* that the term "red gold" is a generic term and that Plaintiff's registered trademark "RED GOLD" therefore is invalid and unenforceable; and

**WHEREAS**, on August 16, 2011, the Court in the Breitling Case entered final judgment against Plaintiff dismissing Plaintiff's complaint in its entirety; and

**WHEREAS**, on August 17, 2011, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals from the District Court's dismissal of the Complaint in the Breitling Case; and

**WHEREAS**, Plaintiff's appeal to the Ninth Circuit in the Breitling Case presents the question of whether Judge Feess correctly determined that Plaintiff's trademark registration for "RED GOLD" is invalid and unenforceable; and

**WHEREAS**, the question of presented on appeal in the Breitling Case – namely, whether "RED GOLD" is an enforceable trademark (as Plaintiff contends)

or is a unenforceable generic term (as Swatch Group U.S. contends) – is central to the present civil action between Plaintiff and Swatch Group U.S.; and

**WHEREAS**, in fact, Plaintiff agrees that the Breitling Court's Dismissal Order, unless overturned on appeal, collaterally estops Plaintiff from maintaining in the present case against Swatch Group U.S. that "RED GOLD" is an enforceable trademark; and

**WHEREAS**, the Plaintiff and Swatch Group U.S. agree that proceedings in the present case should be stayed pending final disposition of Plaintiff's appeal from the entry of final judgment in the Breitling Case;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** as follows:

1. The parties agree that all proceedings in the present civil action should be stayed pending final disposition (by the Ninth Circuit or United States Supreme Court, as the case may be) of the District Court's entry of final judgment in the Breitling Case.

2. If, after Plaintiff and/or Defendants in the Breitling Case, as the case may be, have exhausted all their avenues for appellate review from the final judgment in the Breitling Case, including petition to the Supreme Court, and the Breitling Court's Dismissal Order is affirmed on the ground that the word mark "RED GOLD" is a generic term or is otherwise unenforceable by Plaintiff, then, in such event:

    (a) Plaintiff shall promptly dismiss with prejudice all causes of action alleged in the present action against Swatch Group U.S. and TGS LTD, including, without limitation, Plaintiff's Work Mark Claim and Plaintiff's Trade Dress Claim.

    (b) Plaintiff shall voluntarily and expressly surrender for cancellation by the United States Patent and Trademark Office its U.S. trademark Registration No. 2,793,987, in all classes.

1          (c)    Plaintiff shall consent to entry of final judgment in favor of Swatch Group U.S. on all of Swatch Group U.S.'s counterclaims, except to the extent those counterclaims seek recovery of fees and costs, including attorney's fees.

    3.    If, at the conclusion of all avenues of appellate review, the Breitling Court's Dismissal Order is overturned, then, in such event:

        (a)    Plaintiff and Swatch Group U.S. shall jointly request the Court to reinstate this case, and shall suggest to the Court a discovery and trial schedule that is commensurate with the discovery and trial schedule currently in place.

        (b)    Swatch Group U.S. shall be entitled to depose Plaintiff before Plaintiff conducts any depositions of its own.

DATED: October 7, 2011        Respectfully submitted,

KASHFIAN & KASHFIAN LLP
Ryan D. Kashfian

LAW OFFICES OF GEORGE E. AKWO
George E. Akwo

BITTON & ASSOCIATES
Ophir Jacob Bitton

By:         /s/
    Ryan D. Kashfian
Attorneys for Plaintiff and Counterclaim-Defendant SOLID 21, INC.

DATED: October 7, 2011        COLLEN IP
Jess M. Collen
Joshua Paul

DAAR & NEWMAN
Michael R. Newman
Jeffery J. Daar

By:         /s/
    Joshua Paul (Admitted Pro Hac Vice)
Attorneys for Defendant and Counterclaimant THE SWATCH GROUP (U.S.) INC.

-5-

STIPULATION STAYING PROCEEDINGS

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21700 Oxnard Street, Suite 350, Woodland Hills, CA 91367.

On October 10, 2011, I served the foregoing document(s) described as **STIPULATION STAYING PROCEEDINGS** on the interested parties to this action who are listed on the attached Service List.

☒ **BY U.S. MAIL:** By enclosing the documents in a sealed envelope(s) or package(s) addressed to the persons at the addresses on the attached Service List, with postage thereon fully prepaid and:

    ☒ Deposited them with the United States Postal Service at Los Angeles, California.

    ☐ Placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service at Los Angeles, California.

☐ **BY HAND:** By personally delivering a true copy thereof in sealed envelope(s) to the persons listed on the attached Service List. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY TELECOPY:** Based on an agreement of the parties to accept service by fax transmission, by transmitting a true copy thereof via telecopy machine to the persons listed on the attached Service List. No error was reported by the telecopy machine that I used.

☐ **BY OVERNIGHT (Overnight Express®):** By placing a true copy thereof in a sealed envelope(s) or package(s) provided by Overnight Express®, addressed to the persons listed on the attached Service List, and with written instructions for "next-day" delivery. I placed the envelope(s) or package(s) to be collected for delivery at a regularly-utilized Overnight Express® drop box.

☐ **BY E-MAIL/ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, by transmitting a true copy thereof I caused the documents to be sent to the persons at the e-mail addresses listed on the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, and that I am employed in the office of a member of the Bar of this Court at whose discretion this service was made.

Executed on October 10, 2011 at Los Angeles, California.

                                        /s/
                                  R. D. Hayes

STIPULATION STAYING PROCEEDINGS

## **SERVICE LIST**

| | |
|---|---|
| George E. Akwo, Esq.<br>Law Offices of George E. Akwo<br>12080 Ventura Place<br>Suite D<br>Studio City, CA 91604<br>FAX: 310/496-2458<br>**george@akwolaw.com** | *Counsel for Plaintiff*<br>*SOLID 21 INC.* |
| Ophir J. Bitton, Esq.<br>Bitton & Associates<br>12080 Ventura Place<br>Suite D<br>Studio City, CA 91604<br>FAX: 818/524-1224<br>**ophir@bittonlaw.com** | *Counsel for Plaintiff*<br>*SOLID 21 INC.* |
| Robert A. Kashfian, Esq.<br>Ryan D. Kashfian, Esq.<br>Kashfian Law Corporation<br>6023 Bristol Parkway, Suite 100<br>Culver City, CA 90230<br>FAX: 310/216-0500<br>**ryan@kashfianlaw.com**<br>**robert@kashfianlaw.com** | *Counsel for Plaintiff*<br>*SOLID 21 INC.* |

-7-
STIPULATION STAYING PROCEEDINGS